In the Matter of SAMUEL GALLANT, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, May 13, 1976

*John G. Bonomi* of counsel *(Ralph V. Caputo* with him on the brief), for petitioner.

*Leon Liner* of counsel *(Colman & Liner,* attorneys), for respondent.

*Per Curiam.* Respondent was admitted in the Second Department in 1955. He was indicted in 1974 with others for, *inter alia,* the crime of transporting stolen securities valued in excess of $5,000 in interstate commerce (US Code, tit 18, § 2314). He pleaded guilty in March, 1975 to this count and, in July, 1975, received a suspended sentence with probation and was fined $2,500. In pertinent paraphrased excerpt of the statute, the crime is committed by transporting securities of the stated value, "knowing the same to have been stolen * * * or taken by fraud." As set forth in the minutes of the plea of

guilty, his participation consisted essentially of assistance rendered to a codefendant "for possible commission of a crime," by sending securities to him in California, knowing that his codefendant had obtained them "by some fraud in connection with his activities," the fraud being a "pretended sale." While respondent does not retract these admissions, he now claims he did not know the securities were *stolen.*

It is sought to have respondent's name stricken from the roll of attorneys as one convicted in Federal court of a Federal felony, equivalent to a State felony (Judiciary Law, § 90, subd 4). It is respondent's contention that his conviction is not of the crime described in our section 165.50 of the Penal Law, criminal possession of stolen property in the first degree, a felony, and, in any event, no more serious than the misdemeanor of criminal facilitation (§ 115.00) "and perhaps not even that." In a word, it is contended that property taken by fraud is not stolen property.

Reference to article 155 of the Penal Law discloses that one "steals property and commits larceny when, with intent to deprive another of property * * * he wrongfully takes * * * such property from an owner thereof" (§ 155.05, subd 1) including "a wrongful taking * * * of another's property * * * committed in any of the following ways: (a) By conduct heretofore defined or known as * * * common law larceny by trick * * * or obtaining property by false pretenses" (subd 2). Obviously, then, taking by fraud is larcenous caption, and what is so taken is stolen property. Section 165.50 covers the situation.

The crime to which respondent pleaded guilty is therefore the equivalent of that described in section 165.50, a felony under New York law. "[T]he striking of his name from the rolls follows automatically on the presentation to the Appellate Division of the record of conviction". *(Matter of Ginsberg,* 1 NY2d 144, 147.) "[T]hat procedure * * * is no more than a formal recording of the existing fact of disbarment" (p 146).

Accordingly, respondent's name should be stricken from the roll of attorneys.

Stevens, P.J., Markewich, Kupferman, Murphy and Nunez, JJ., concur.

Respondent's name struck from the roll of attorneys and counselors at law in the State of New York.