In the Matter of RICHARD KILCULLEN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, January 20, 1977

*Ronald Eisenman* of counsel *(Michael Alan Schwartz* with him on the brief), for petitioner.

*William Piel, Jr.,* of counsel *(Sullivan & Cromwell,* attorneys), for respondent.

*Per Curiam.* Respondent was admitted to practice in the First Judicial Department on March 11, 1940, and, on November 24, 1975, after trial in the United States District Court for the District of Massachusetts, he was convicted of two counts of an indictment which charged him with the crime of transporting a forged security (a counterfeited check) in interstate commerce, in violation of section 2314 of title 18 of the United States Code. He was sentenced to imprisonment for two years. Such conviction has been upheld by the Court of Appeals for the First Circuit.

Petitioner seeks to have respondent's name stricken from the roll of attorneys pursuant to subdivision 4 of section 90 of the Judiciary Law, claiming that the crime of which respondent was convicted constitutes a felony under section 170.25 of the New York Penal Law, and we agree and reject respondent's contrary contentions.

Section 2314 of title 18 of the United States Code provides that a crime is committed when, with unlawful intent, one transports "any falsely made, forged, altered or counterfeited securities * * * knowing the same to have been falsely made, forged, altered or counterfeited." Section 170.25 of the Penal Law provides that a person is guilty of the class D felony of possession of a forged instrument in the second degree when he "with knowledge that it is forged and with intent to defraud, deceive or injure another * * * utters or possesses any forged instrument" including one of the type in question. Possession, as provided for in section 170.25 is the equivalent of transportation in section 2314 of title 18 *(Matter of Gallant,* 52 AD2d 152, mot for lv to app den 39 NY2d 1058).

We conclude that respondent's Federal conviction is cognizable as a New York State felony. Respondent's contention that the charge of the Trial Judge permitted the jury to find him guilty of a crime which is not a felony in this State, is not unlike his challenge to that charge which was made, under Federal law, upon his appeal from his conviction—which was rejected by the Court of Appeals for the First Circuit.

For the purpose of determining whether the Federal conviction is cognizable as a felony in New York "[i]t is the statute upon which the indictment was drawn that necessarily defines and measures the crime * * * a 'crime' is to be measured and limited by the statute which defines it" *(People v Olah,* 300 NY 96, 98, 99).

Similarly misplaced is respondent's extensive review of the facts leading to his conviction and his claim of newly discovered evidence. Such claims of innocence are of no relevance on an application made for automatic disbarment pursuant to subdivision 4 of section 90 of the Judiciary Law. This is because "under familiar principles of collateral estoppel the attorney [respondent] is precluded from relitigating the issue of his guilt." *(Matter of Levy,* 37 NY2d 279, 281.)

As the court stated in the last-cited case (p 281): "We perceive no reason why a member of the Bar should be accorded a significantly more favored position than are others in the application of the principle [collateral estoppel], particularly in a matter in which the public interest is at stake. Additionally, as a matter of common justice, it cannot be said to be unreasonable or unfair to preclude the attorney from relitigating an issue when precisely the same issue has been resolved against him in another proceeding to which he was a party in which the standard of proof called for the highest quantum—beyond a reasonable doubt * * * and in which rigorous safeguards were imposed to insure against an unjust conviction".

In view of the foregoing, respondent was automatically disbarred by virtue of his conviction at the moment thereof *(Matter of Mitchell,* 48 AD2d 410, 411).

The petition to strike respondent's name from the roll of attorneys should be granted.

STEVENS, P. J., BIRNS, CAPOZZOLI, LANE and NUNEZ, JJ., concur.

Respondent's name struck from the roll of attorneys and counselors at law in the State of New York.