[770 NYS2d 729]

In the Matter of ROBERT STEPHEN BURRICK, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 12, 2004

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn, (*Melissa D. Broder* of counsel), for petitioner.

*Robert Stephen Burrick*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

The respondent was convicted upon his plea of guilty on January 13, 2003, to the crimes of mail fraud, in violation of 18 USC §§ 1341 and 1342, and interstate transport of stolen property, in violation of 18 USC §§ 2314 and 2312. He was sentenced on April 14, 2003, to concurrent terms of 18 months imprisonment. Upon his release from prison the respondent will be placed on supervised release for concurrent terms of three years. The judgment directed the respondent to make restitution as follows: $37,094.73 to Chubb Insurance, $7,624.16 to Pitney Hardin, and $3,616.89 to Sheet Metal Workers National Pension Fund.

The petitioner contends that the federal felony of interstate transportation of property obtained by fraud bears essential similarity to a New York felony, thereby warranting the respondent's automatic disbarment. As set forth in *Matter of Jacobs* (246 AD2d 273, 274 [1998]):

> "The Federal felony of interstate transportation of property obtained by fraud is cognizable in New York as criminal possession of a forged instrument in the second degree, a class D felony (*see,* Penal Law § 170.25; *Matter of Holland,* 108 AD2d 63 [1985]; *see also, Matter of Barbara,* 86 AD2d 219 [1982]; *Matter of Kilcullen,* 55 AD2d 437 [1977])."

Any attorney convicted of a felony shall, upon such conviction, cease to be an attorney and counselor-at-law, or to be competent to practice law as such. By virtue of the respondent's conviction of a felony, he was automatically disbarred at the time of his conviction.

Notwithstanding the respondent's offer to temporarily suspend himself pending an adjournment of the time in which to respond to the petitioner's motion to strike his name from the roll of attorneys, the respondent's disbarment was automatic upon his felony conviction.

Accordingly, the petitioner's motion is granted, the respondent is disbarred, and, effective immediately, his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and GOLDSTEIN, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Robert Stephen Burrick, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Robert Stephen Burrick is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.