[824 NYS2d 331]

In the Matter of HOWARD SINNOTT (Admitted as HOWARD M. SINNOTT II), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 31, 2006

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Anthony R. Wynne* of counsel), for petitioner.

*Howard Sinnott*, Bennington, Vermont, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The respondent pleaded guilty in the United States District Court for the District of Vermont to two counts of interstate transmittal and/or transportation of stolen property, in violation of 18 USC § 2314. The remaining counts of the indictment were dismissed on motion of the government. The respondent was sentenced by the Honorable J. Garvan Murtha on December 29, 2005, to three months on each count, to be served concurrently with each other. The respondent was also sentenced to a term of supervised release of three years, upon his release from incarceration, and to restitution with criminal monetary penalties in the total sum of $500,200.

The federal crime of interstate transmittal and/or transportation of stolen property in violation of 18 USC § 2314 is essentially similar to New York's Penal Law § 170.25, which proscribes criminal possession of a forged instrument in the second degree, a class D felony (*see Matter of Burrick*, 3 AD3d 132, 133 [2004]).

The respondent requested and was granted an extension of time to review the papers until May 26, 2006. Upon review, he concluded that it is in the best interests of all concerned to offer no opposition to the relief requested and now consents to the entry of an order of disbarment against him.

Judiciary Law § 90 (4) mandates that an attorney's name be stricken from the roll of attorneys upon his or her conviction of a New York State felony. By virtue of his conviction of a felony, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the petitioner's motion is granted and effective immediately, the respondent's name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and LIFSON, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Howard Sinnott, admitted as Howard M. Sinnott II, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Howard Sinnott, admitted as Howard M. Sinnott II, shall comply with this Court's rules

governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Howard Sinnott, admitted as Howard M. Sinnott II, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Howard Sinnott, admitted as Howard M. Sinnott II, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).