[997 NYS2d 486]

In the Matter of Leigh E. Sprague, an Attorney, Respondent. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, Petitioner.

Second Department, December 3, 2014

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On December 16, 2013, the respondent pleaded guilty, before United States District Judge Thelton E. Henderson, in the United States District Court for the Northern District of California, to the federal felony of transportation of stolen money, in violation of 18 USC § 2314. On March 24, 2014, he was sentenced to a term of imprisonment of 50 months and a period of supervised release of three years, and directed to pay restitution in the amount of $1,416,260.85.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

The federal felony of transportation of stolen money has been held to be essentially similar to the New York felony of criminal possession of a forged instrument in the second degree, in violation of Penal Law § 170.25, a class D felony (*see Matter of Thies*, 42 AD3d 37 [2007]; *Matter of Daly*, 32 AD3d 176 [2006]; *Matter of Burrick*, 3 AD3d 132 [2004]).

Although served with a copy of the motion papers on April 24, 2014, the respondent has neither submitted a response nor requested additional time in which to submit a response.

By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's automatic disbarment on December 16, 2013.

ENG, P.J., MASTRO, RIVERA, SKELOS and SGROI, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Leigh E. Sprague, is disbarred, effective December

16, 2013, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Leigh E. Sprague, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Leigh E. Sprague, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Leigh E. Sprague, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).