[990 NYS2d 821]

In the Matter of JOSEPH J. SAVINO (Admitted as JOSEPH JAMES
SAVINO), an Attorney, Respondent. GRIEVANCE COMMITTEE
FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 13, 2014

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Fredda Fixler-Fuchs* of
counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On November 12, 2013, the respondent pleaded guilty in the United States District Court for the Southern District of New York (985 F Supp 2d 506 [2013]) to a three-count criminal information charging him as follows:

Count one charged the respondent with conspiracy to commit honest services wire fraud and Travel Act bribery, in violation of 18 USC §§ 371, 1343, 1346 and 1952, in connection with his participation in a scheme, from in or about November 2012 up through and including in or about April 2013, an object of which was to accept a bribe in exchange for authorizing a member of the Democratic Party to appear on the Republican Party primary ballot for New York City Mayor, in violation of New York Penal Law §§ 200.45 and 200.50 (hereinafter the 2013 NYC Mayor Bribery Scheme).

Count two charged the respondent with honest services wire fraud, in violation of 18 USC §§ 1343, 1346 and 1952, in connection with the 2013 NYC Mayor Bribery Scheme.

Count three charged the respondent with Travel Act bribery, in violation of 18 USC § 1952, and New York Penal Law §§ 200.45 and 200.50, in connection with the respondent's participation in the 2013 NYC Mayor Bribery Scheme.

Pursuant to Judiciary Law § 90 (4) (a) and (e), a lawyer is automatically disbarred upon his or her conviction of a felony committed under federal law which is "essentially similar" to a felony under New York law (*see Matter of Margiotta*, 60 NY2d 147, 153 [1983]). It is well settled that wire fraud, in violation of 18 USC § 1343, is essentially similar to the New York felonies of grand larceny in the second degree, in violation of Penal Law § 155.40, and scheme to defraud in the first degree, in violation of Penal Law § 190.65 (*see e.g. Matter of Thies*, 42 AD3d 37 [2007]).

The Grievance Committee for the Ninth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), based upon his felony convictions. The respondent has neither opposed the Grievance Committee's motion, nor submitted any papers in response.

Pursuant to Judiciary Law § 90 (4) (a) and (e), the respondent was automatically disbarred, and ceased to be an attorney, upon his felony convictions (*see Matter of Margiotta*, 60 NY2d at 150; *Matter of Burstein*, 111 AD3d 112 [2013]).

Accordingly, the motion of the Grievance Committee for the Ninth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law is granted, pursuant to Judiciary Law § 90 (4) (b), to reflect the respondent's automatic disbarment as of November 12, 2013.

ENG, P.J., MASTRO, RIVERA, SKELOS and HINDS-RADIX, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Joseph J. Savino, admitted as Joseph James Savino, is disbarred, effective November 12, 2013, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Joseph J. Savino, admitted as Joseph James Savino, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Joseph J. Savino, admitted as Joseph James Savino, is commanded to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and its is further,

Ordered that if the respondent, Joseph J. Savino, admitted as Joseph James Savino, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).