[28 NYS3d 885]

In the Matter of VINCENT J. TABONE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 27, 2016

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On February 5, 2015, after a jury trial before Judge Kenneth M. Karas of the United States District Court for the Southern District of New York, the respondent was found guilty of (1) conspiracy to commit wire fraud and bribery, in violation of 18 USC § 371 (count one); (2) wire fraud, in violation of 18 USC § 1343 (count two); (3) use of interstate facilities to commit bribery, in violation of 18 USC § 1952 (a) (3) (count three); and (4) witness tampering, in violation of 18 USC § 1512 (b) and (c) (count five). The respondent was convicted for his role in a bribery scheme to allow Malcolm A. Smith, a Democratic member of the New York State Senate, to appear on the Republican Party ballot in the 2013 race for Mayor of New York City. On July 1, 2015, he was sentenced to 42 months of imprisonment commencing on October 1, 2015, and one year of supervised release. He was ordered to forfeit $25,000 and directed to pay a $400 assessment fee.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

The federal felony of wire fraud, in violation of 18 USC § 1343, is essentially similar to the New York felonies of grand larceny in the second degree, in violation of Penal Law § 155.40, and scheme to defraud in the first degree, in violation of Penal Law § 190.65 (*see Matter of Savino*, 121 AD3d 264

[2014]; *Matter of Thies*, 42 AD3d 37 [2007]; *Matter of Ashley*, 263 AD2d 70 [1999]).

As agreed to by the respondent's attorney, a copy of the motion to strike of the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts was served by mail upon the respondent's attorney on December 22, 2015. The respondent has neither submitted a response nor requested additional time in which to do so.

By virtue of his felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's automatic disbarment on February 5, 2015.

ENG, P.J., MASTRO, RIVERA, DILLON and HINDS-RADIX, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Vincent J. Tabone, is disbarred, effective February 5, 2015, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Vincent J. Tabone, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Vincent J. Tabone, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Vincent J. Tabone, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).