[698 NYS2d 268]

In the Matter of KENNETH ASHLEY (Admitted as KENNETH AL-LAN ASHLEY), an Attorney, Respondent. GRIEVANCE COM-MITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 8, 1999

### APPEARANCES OF COUNSEL

*Grace D. Moran,* Syosset for petitioner.

### OPINION OF THE COURT

Per Curiam.

On June 30, 1998, the respondent was convicted, after a trial

in the United States District Court for the Eastern District of New York, of wire fraud, a felony in violation of 18 USC § 1343, subornation of perjury, a felony in violation of 18 USC § 1622, and conspiracy to commit the aforementioned crimes, misdemeanors in violation of 18 USC § 371. He was subsequently sentenced to 46 months' imprisonment and three years' supervised release. In addition, he was ordered to pay a $15,000 fine and a $500 special assessment.

The Court of Appeals stated in *Matter of Margiotta* (60 NY2d 147, 150), "[t]he Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity. (*Matter of Cahn*, 52 NY2d 479, 482.)"

The respondent's conviction arose from a scheme to defraud the Federal Home Loan Mortgage Corporation of several million dollars by submitting fraudulent documents to secure government-backed real estate loans. The respondent solicited and paid relatives and acquaintances to file the loan applications and to appear at the closings.

We conclude that the respondent's violation of the Federal wire fraud statute is essentially similar to violations of Penal Law § 155.40, grand larceny in the second degree, which is a class C felony, and Penal Law § 190.65, scheme to defraud in the first degree, which is a class E felony.

Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony.

Accordingly, the petitioner's motion is granted. The respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, S. MILLER, O'BRIEN and FLORIO, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Kenneth Ashley, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Kenneth Ashley is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.