[715 NYS2d 77]

In the Matter of RICHARD C. LORENZO, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, November 13, 2000

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn (*Diana J. Szochet* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On March 9, 1999, the respondent pleaded guilty in the United States District Court for the Eastern District of New York to one count of conspiracy to commit mail and wire fraud in violation of 18 USC § 371, a Federal felony. On August 4, 2000, he was sentenced to time served, three years supervised release, restitution in the amount of $252,000, and a special assessment of $100.

The Court of Appeals stated in *Matter of Margiotta* (60 NY2d 147, 150): "[t]he Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity. (*Matter of Cahn*, 52 NY2d 479, 482)."

The facts underlying the respondent's conviction are as follows: From September 1996 to August 1998, the respondent was the escrow agent for John J. Barney & Associates (hereinafter Barney), which falsely represented to loan applicants that it would secure financing for business projects. The loan applicants would pay a fee in advance, which was deposited in the respondent's escrow account, for loans that Barney never intended to procure. The respondent initially thought the business was legitimate, but he later discovered that there was a high probability that the applicants were not getting their loans. Rather than investigate the matter, the respondent continued to take applicants' money, hold it in escrow, and release it to Barney. The superseding indictment indicates that the fraudulently obtained fees totaled several hundred thousand dollars.

We find that the respondent's conviction of conspiracy to commit mail and wire fraud is essentially similar to the New York felony of grand larceny in the second degree (*see*, Penal Law §§ 105.10, 155.40).

Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony.

Accordingly, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and SANTUCCI, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Richard C. Lorenzo, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Richard C. Lorenzo is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.