[823 NYS2d 421]

In the Matter of XAVIER FAZIO, an Attorney, Respondent. GRIEV-
ANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Peti-
tioner.

Second Department, October 10, 2006

**APPEARANCES OF COUNSEL**

*Rita Adler*, Hauppauge (*Elizabeth A. Grabowski* of counsel), for petitioner.

*Xavier Fazio*, Rocky Point, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Following his conviction after a trial, on November 12, 1999, the respondent was sentenced in the United States District Court for the Eastern District of New York before District Judge Denis R. Hurley, with respect to the following: conspiracy to commit wire fraud under 18 USC § 371 (one count), wire fraud under 18 USC § 1343 (three counts), and money laundering under 18 USC § 1956 (one count). He was sentenced to a term of imprisonment of 53 months on each count, to run concurrently, followed by three years of supervised release. He was also directed to pay restitution in the amount of $200,000.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

This Court has held that the federal felony of wire fraud, in violation of 18 USC § 1343, is essentially similar to the New York felonies of grand larceny in the second degree under Penal Law § 155.40 and scheme to defraud in the first degree under Penal Law § 190.65 (*see Matter of Ashley*, 263 AD2d 70, 71 [1999]).

Further, in *Matter of Allen* (279 AD2d 42 [2000]), this Court held that the federal felony of money laundering, in violation of 18 USC § 1956, is "essentially similar" to the New York felony of money laundering in the second degree under Penal Law § 470.10 (now Penal Law § 470.15).

Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony.

Accordingly, the Grievance Committee's motion is granted and, effective immediately, the respondent's name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and SPOLZINO, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Xavier Fazio, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Xavier Fazio, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Xavier Fazio, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Xavier Fazio, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).