[836 NYS2d 210]

In the Matter of WINTHROP D. THIES, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 1, 2007

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse,* Brooklyn (*Diana J. Szochet* of counsel), for petitioner.

*Winthrop D. Thies,* Maplewood, New Jersey, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

On December 10, 1998, the respondent was found guilty, after a jury trial in the United States District Court for the District of New Jersey, of conspiracy to defraud the United States by mail and/or wire in violation of 18 USC §§ 371, 1341 and 1343; fraud by wire, radio, or television in violation of 18 USC §§ 1342 and 1343; and scheme to defraud: money, state tax stamps in violation of 18 USC §§ 2312 and 2314.

By decision and order dated March 13, 1978, as amended on March 23, 1978, in an unrelated matter, this Court granted a motion by the Grievance Committee for the Second and Eleventh Judicial Districts to strike the respondent's name from the roll of attorneys and counselors-at-law based upon his conviction in the United Stated District Court for the District of New Jersey of the felony of assault upon a federal officer in violation of 18 USC § 111 (*see Matter of Thies,* 61 AD2d 1037 [1978]). By decision and order dated October 19, 1978, the New York State Court of Appeals upheld the respondent's mandatory automatic disbarment pursuant to New York Judiciary Law § 90, based upon his federal felony conviction (*see Matter of Thies,* 45 NY2d 865 [1978]). By opinion and order on motion dated January 29, 1982 (*see Matter of Thies,* 84 AD2d 420 [1982]), this Court confirmed the report of the Special Referee finding that the respondent was convicted of a federal felony of assaulting a federal officer, which constitutes a misdemeanor under New York law, and of engaging in an attempted fraudulent scheme, and commuted the respondent's disbarment to a five-year suspension from the practice of law, nunc pro tunc, as of March 13, 1978. The respondent has not moved to be reinstated to practice in New York State.

On the present charges against the respondent, he was sentenced on January 9, 2003, to concurrent terms of imprisonment of 30 months, and upon release from imprisonment, to a term of 2 years supervised release, with a special assessment of $200.

The respondent did not report his conviction to this Court as required under Judiciary Law § 90 (4) (c).

Judiciary Law § 90 (4) (a) provides that upon conviction of a felony, any attorney and counselor-at-law "shall upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such."

Judiciary Law § 90 (4) (e) defines a felony as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state." As pointed out by Grievance Counsel, the Court of Appeals stated in *Matter of Margiotta* (60 NY2d 147, 150 [1983]): "For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

With respect to the respondent's conviction of the federal felony of fraud by wire in violation of 18 USC § 1343, this Court has held that it "is essentially similar to the New York felonies of grand larceny in the second degree under Penal law § 155.40 and scheme to defraud in the first degree under Penal Law § 190.65 (*see Matter of Ashley,* 263 AD2d 70, 71 [1999])" (*Matter of Fazio,* 35 AD3d 33, 34 [2006]; *see Matter of Lorenzo,* 276 AD2d 223, 224 [2000]).

Additionally, this Court has held that

"[t]he federal felony crime of interstate transmittal of stolen money in violation of 18 USC § 2314, entitled 'Transportation of stolen goods, securities, moneys, fraudulent State tax stamps, or articles used in counterfeiting,' is essentially similar to New York Penal Law § 170.25, criminal possession of a forged instrument in the second degree, a class D felony (*see Matter of Burrick,* 3 AD3d 132, 133 [2004])" (*Matter of Daly,* 32 AD3d 176, 177 [2006]).

Judiciary Law § 90 (4) mandates that an attorney's name be stricken from the roll of attorneys upon his or her conviction of a New York State felony. Accordingly, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and SANTUCCI, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Winthrop D. Thies, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Winthrop D. Thies, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Winthrop D. Thies, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Winthrop D. Thies, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).