[928 NYS2d 472]

In the Matter of STEPHEN J. CAPUTO, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 16, 2011

APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Elizabeth A. Grabowski* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On January 4, 2010, in the United States District Court for the Southern District of New York (Gorenstein, J.), the respondent pleaded guilty to one count of conspiracy to commit bank fraud, a felony in violation of 18 USC §§ 1343 and 1344, and five counts of wire fraud, a felony in violation of 18 USC § 1343. The respondent was indicted for his role in a multimillion dollar mortgage fraud scheme. He has not yet been sentenced.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

The federal felony of fraud by wire in violation of 18 USC § 1343 has been held to be essentially similar to the New York felonies of grand larceny in the second degree under Penal Law § 155.40 and scheme to defraud in the first degree under Penal Law § 190.65 (*see Matter of Thies*, 42 AD3d 37 [2007]; *Matter of Fazio*, 35 AD3d 33, 34 [2006]; *Matter of Ashley*, 263 AD2d 70, 71 [1999]; *see also Matter of Lorenzo*, 276 AD2d 223 [2000]).

By virtue of his felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

The respondent has taken no position with respect to the motion of the Grievance Committee for the Tenth Judicial District. Accordingly, the motion to strike the respondent's name from

the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's disbarment as of January 4, 2010.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and DICKERSON, JJ., concur.

Ordered that the Grievance Committee's motion is granted;

Ordered that pursuant to Judiciary Law § 90, the respondent, Stephen J. Caputo, is disbarred, effective January 4, 2010, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Stephen J. Caputo, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Stephen J. Caputo, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Stephen J. Caputo, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).