[931 NYS2d 515]

In the Matter of TED DOUMAZIOS, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT,
Petitioner.

Second Department, October 18, 2011

#### APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

#### OPINION OF THE COURT

Per Curiam.

On December 15, 2010, in the United States District Court for the Eastern District of New York (Matsumoto, J.), the re-

spondent entered a plea of guilty to fraud by wire, a felony in violation of 18 USC § 1343, and conspiracy to commit bank fraud, a felony in violation of 18 USC §§ 1343 and 1344. The respondent admitted that from in or about 2004 through 2007, he, along with Thomas Kontogiannis and another individual, owned and operated Clearview Abstract, which was an agent for a title company located in Nassau County. During that time, the respondent prepared title reports that "conveyed clear title" when, in fact, "it did not have clear title." The respondent "knew these reports were going to be used by Thomas Kontogiannis to defraud financial institutions and others." The respondent further admitted that he wired fraudulent title reports, by facsimile, for the purpose of obtaining funds from financial institutions. The respondent has not yet been sentenced.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

The federal felony of fraud by wire in violation of 18 USC § 1343 has been held to be essentially similar to the New York felonies of grand larceny in the second degree under Penal Law § 155.40 and scheme to defraud in the first degree under Penal Law § 190.65 (*see Matter of Thies*, 42 AD3d 37 [2007], citing *Matter of Fazio*, 35 AD3d 33, 34 [2006] and *Matter of Ashley*, 263 AD2d 70, 71 [1999]; *see also Matter of Lorenzo*, 276 AD2d 223 [2000]).

By virtue of his felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

The respondent has taken no position with respect to the petitioner's motion. Accordingly, the motion to strike the respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's disbarment as of December 15, 2010.

PRUDENTI, P.J., RIVERA, SKELOS, DILLON and HALL, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Ted Doumazios, is disbarred, effective December 15, 2010, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Ted Doumazios, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Ted Doumazios, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Ted Doumazios, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).