*166 OPINION OF THE COURT
Per Curiam.
On October 18, 2010, the respondent pleaded guilty in the United States District Court for the District of Connecticut to count 33 of a 38-count indictment, to wit, fraud by wire, in violation of 18 USC § 1343. The respondent admitted under oath that he had participated in a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses. Specifically, the respondent admitted that he knowingly and wilfully participated in a mortgage fraud scheme and that, for purposes of executing this scheme, the mails and wires had been used by him and others, who caused wired funds to be sent in connection with the purchase of certain real property.
On April 3, 2011, the respondent was sentenced to 27-months imprisonment, two-years post-incarceration supervised release, a special assessment of $100, restitution in the amount of $135,366.07, and forfeiture in the amount of $2,428.
As stated by the Court of Appeals in Matter of Margiotta (60 NY2d 147, 150 [1983]):
“The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it ‘would constitute a felony in this state.’ (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity.”
The federal felony of fraud by wire in violation of 18 USC § 1343 has been held to be essentially similar to the New York felonies of grand larceny in the second degree under Penal Law § 155.40 and scheme to defraud in the first degree under Penal Law § 190.65 (see Matter of Doumazios, 88 AD 3d 442 [2011]; Matter of Caputo, 88 AD3d 264 [2011]; Matter of Fazio, 35 AD3d 33 [2006]).
By virtue of his felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).
The respondent has taken no position with respect to the motion by the Grievance Committee for the Ninth Judicial District *167 to strike his name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b). Accordingly, the motion is granted to reflect the respondent’s disbarment as of October 18, 2010.
Eng, P.J., Mastro, Rivera, Skelos and Sgroi, JJ., concur.
Ordered that the Grievance Committee’s motion is granted; and it is further,
Ordered that pursuant to Judiciary Law § 90, the respondent, Maurizio Lancia, is disbarred, effective October 18, 2010, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that the respondent, Maurizio Lancia, shall comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, the respondent, Maurizio Lancia, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application, or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Maurizio Lancia, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).