[997 NYS2d 747]

In the Matter of CASSANDRA NATASHA CEAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 17, 2014

**APPEARANCES OF COUNSEL**

*Mitchell T. Borkowsky*, Hauppauge (*Nancy B. Gabriel* of counsel), for petitioner.

*Cassandra Natasha Cean*, Valley Stream, respondent pro se.

OPINION OF THE COURT

Per Curiam.

On October 9, 2013, the respondent was convicted, after a jury trial before the Honorable Sterling Johnson, Jr., in the United States District Court for the Eastern District of New York, of one count of conspiracy to commit fraud by wire in violation of 18 USC §§ 1343 and 1349, a federal felony, and four counts of fraud by wire in violation of 18 USC § 1343, a federal felony, emanating from a scheme wherein the respondent assisted "straw buyers" in applying for mortgages under the artifice that they would be owner-occupiers of the subject premises when, in fact, she knew that these were "straw buyers" for other parties who would sell the premises and cause the mortgage obligations not to be repaid. On May 9, 2014, the respondent was sentenced, inter alia, to a term of imprisonment of 87 months, a period of supervised release of three years, a $100 special assessment on each of the five counts of which she was convicted, forfeiture in the amount of $43,700.57, and restitution in the amount of $1,205,355 at a rate of $25 per quarter during the period of incarceration, and a rate of 10% of her gross monthly income while on supervised release.

The Grievance Committee for the Tenth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), based upon her conviction of a cognizable federal felony. The respondent opposes the motion, asserting that her conviction is not essentially similar to the New York felonies of grand larceny in the second degree and scheme to defraud in the first degree, and that her immediate disbarment is not warranted. Rather, she avers, in essence, that she has been convicted of a "serious crime" as defined by Judiciary Law § 90 (4) (d), that a hearing is justified, and that she does not pose a threat warranting her immediate suspension pursuant to Judiciary Law § 90 (4) (f). She asserts, further, that there was no theft of property despite the entry of an order of restitution, and no element of coercion, and that she did not engage in a scheme to defraud one or more "persons." Accordingly, she asserts that she will "strenuously challenge [her] conviction in [her] upcoming appeal."

In reply, the Grievance Committee contends that the respondent's failure to acknowledge the true nature of the subject

mortgage fraud scheme, and her role therein, establishes her to be a threat to both the courts and the public.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

This Court previously has held that the federal felony of fraud by wire in violation of 18 USC § 1343 is essentially similar to the New York felonies of grand larceny in the second degree in violation of Penal Law § 155.40, a class C felony, and scheme to defraud in the first degree in violation of Penal Law § 190.65, a class E felony (*see e.g. Matter of Doumazios*, 88 AD3d 442 [2011]; *Matter of Thies*, 42 AD3d 37 [2007]; *Matter of Fazio*, 35 AD3d 33 [2006]; *Matter of Ashley*, 263 AD2d 70 [1999]). Thus, by virtue of her conviction of that federal felony, the respondent was automatically disbarred on October 9, 2013, and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's automatic disbarment on October 9, 2013.

ENG, P.J., MASTRO, RIVERA, SKELOS and LEVENTHAL, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Cassandra Natasha Cean, is disbarred, effective October 9, 2013, and her name is stricken from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Cassandra Natasha Cean, shall comply with this Court's rules governing the conduct of

disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Cassandra Natasha Cean, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and its is further,

Ordered that if the respondent, Cassandra Natasha Cean, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).