[26 NYS3d 199]

In the Matter of ROGER LEE SHOSS, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT,
Petitioner.

Second Department, February 24, 2016

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Antonia Cipollone* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On May 22, 2012, after a jury trial, the respondent was found guilty in the United States District Court, Middle District of Florida, Tampa Division, of conspiracy to commit wire fraud, a felony, in violation of 18 USC § 371. During his trial testimony, the respondent admitted facts which established that he engaged in a scheme to misappropriate the CUSIP number (i.e., the nine-character number that identifies a security) and trading symbol of publicly traded companies that had become dormant as a result of a failure to pay taxes or to make required annual filings. The respondent and his codefendant created new private companies with the same names as the existing public dormant companies. They then changed the names of the new private companies and submitted false applications to CUSIP Global Services in which they made it appear as though the newly named companies were continuations of the original, dormant public companies, rather than the renamed new private companies, by referencing the existing CUSIP numbers of the dormant public companies. In this way, the respondent was able to create new private shell companies that had all the appearances of being active publicly traded companies, without having to go through the expense and process of actually making the new private companies publicly traded. The respondent admitted that he used this process to create approximately 55 such new companies. He further admitted that some of the clients to whom he sold these companies went on to use the new companies to perpetrate frauds on investors overseas who had no way of knowing that they were buying shares of stock in sham companies. The respondent was sentenced on August 9, 2012, to a term of imprisonment of 18 months, to be followed by a term of supervised release of three years and participation in a home detention program as a condition of his supervised release.

There is no record of the respondent advising this Court of his conviction, as required by Judiciary Law § 90 (4) (c).

The Grievance Committee for the Ninth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b), based upon his felony conviction. The respondent has been personally served and has not opposed or otherwise responded to the instant motion.

Pursuant to Judiciary Law § 90 (4) (a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law." Judiciary Law § 90 (4) (e) provides that

> "[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."

A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]). In determining whether a foreign felony is essentially similar to a New York felony, this Court has considered a number of factors, including the trial record (*see Matter of Ashley*, 263 AD2d 70 [1999]).

As contended by the Grievance Committee, in light of the respondent's scheme to defraud and to obtain money and property from others by means of materially false and fraudulent pretenses, as elucidated by the indictment and the respondent's trial testimony, as well as the federal sentencing court's determination that the loss occasioned by the offense totaled $7,000,000, the federal crime of which the respondent was convicted is essentially similar to the New York felony of grand larceny in the first degree, in violation of Penal Law § 155.42 (*see Matter of Gaines*, 109 AD3d 179, 182 [2013]; *Matter of Lorenzo*, 276 AD2d 223, 224 [2000]).

Accordingly, the motion to strike the respondent's name from the roll of attorneys and counselors-at-law is granted, pursuant to Judiciary Law § 90 (4) (b), to reflect the respondent's automatic disbarment as of May 22, 2012.

ENG, P.J., MASTRO, RIVERA, DILLON and MALTESE, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Roger Lee Shoss, is disbarred, effective May 22, 2012, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Roger Lee Shoss, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Roger Lee Shoss, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Roger Lee Shoss, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).