Matter of Arvanitakis (2017 NY Slip Op 09124)





Matter of Arvanitakis


2017 NY Slip Op 09124


Decided on December 27, 2017


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 27, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RANDALL T. ENG, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
FRANCESCA E. CONNOLLY, JJ.


2017-06970

[*1]In the Matter of Katerina Arvanitakis, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Katerina Arvanitakis, respondent. (Attorney Registration No. 4471603)



MOTION by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon her conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 18, 2007.



Diana Maxfield Kearse, Brooklyn, NY, for petitioner.
McDonough & McDonough, LLP, Garden City, NY (Chris McDonough of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
On May 17, 2017, in the United States District Court for the Southern District of New York (Katherine Polk Failla, J.), the respondent, upon a plea of guilty, was convicted of one count of wire fraud, in violation of 18 USC § 1343, a federal felony, emanating from a scheme to defraud clients by soliciting funds based on false representations about how the solicited funds were purportedly going to be invested.
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon her conviction of a felony. In response, the respondent's counsel has advised this Court that the respondent has no objection to the motion.
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counselor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counselor-at-law." Judiciary Law § 90(4)(e) provides that:
"[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."
A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150)
This Court has previously held that the federal felony of wire fraud in violation of 18 USC § 1343 is essentially similar to the New York felonies of grand larceny in the second degree, in violation of Penal Law § 155.40, a class C felony, and scheme to defraud in the first degree, in violation of Penal Law § 190.65, a class E felony (see Matter of Cean, 125 AD3d 75; Matter of Doumazios, 88 AD3d 442; Matter of Thies, 42 AD3d 37; Matter of Fazio, 35 AD3d 33). By virtue of her federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of May 17, 2017.
ENG, P.J., MASTRO, RIVERA, DILLON and CONNOLLY, JJ., concur.
ORDERED that the Grievance Committee's motion to strike the name of the respondent, Katerina Arvanitakis, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Katerina Arvanitakis, is disbarred, effective May 17, 2017, and her name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Katerina Arvanitakis, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Katerina Arvanitakis, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Katerina Arvanitakis, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court