Matter of Anderson (2019 NY Slip Op 01404)





Matter of Anderson


2019 NY Slip Op 01404


Decided on February 27, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
MARK C. DILLON
LEONARD B. AUSTIN
JEFFREY A. COHEN, JJ.


2018-09800

[*1]In the Matter of Robert L. Anderson, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Robert L. Anderson, respondent.



MOTION by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on October 18, 1967.



Diana Maxfield Kearse, Brooklyn, NY (David W. Chandler of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On March 9, 2016, in the United States District Court for the Northern District of California, before the Honorable Edward M. Chen, the respondent was convicted, upon a plea of guilty, of conspiracy to commit wire fraud, in violation of 18 USC § 1349, and conspiracy to commit money laundering, in violation of 18 USC § 1956(h), both federal felonies. At his plea allocution, the respondent admitted that he deposited funds ($318,903.94) belonging to a client and that he and his law partner agreed not to apply those funds for the purpose for which they were intended, but rather, agreed to use and did use those funds to pay law firm expenses and salaries. On January 24, 2018, the respondent was sentenced to a 60-day term of imprisonment on each count, to be served concurrently, and three years of supervised release. In addition, he was ordered to pay restitution in the amount of $73,500 and a mandatory special assessment of $200.
On May 28, 2016, the respondent was disbarred in California based on his misappropriation of client funds.
As stated by the Court of Appeals in Matter of Margiotta (60 NY2d 147, 150):
"The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it would constitute a felony in this state.' (Judiciary Law § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."
In determining whether a foreign felony is essentially similar to a New York felony, this Court may [*2]consider other factors, including the plea allocution and/or trial record (see Matter of Woghin, 64 AD3d 5; Matter of Port, 57 AD3d 139; Matter of Ashley, 263 AD2d 70; Matter of Fury, 145 AD2d 259). This Court has previously held that conspiracy to commit wire fraud is essentially similar to the New York felony of grand larceny in the first degree (see Matter of Shoss, 138 AD3d 108) or the New York felony of conspiracy to commit grand larceny in the second degree (see Matter of Lorenzo, 276 AD2d 223; see also Matter of Arvanitakis, 157 AD3d 64; Matter of Cean, 125 AD3d 75).
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts now moves to strike the respondent's name from the roll of attorneys and counselors-at-law based on his conviction of a felony.
Although served with a copy of the Grievance Committee's motion papers on August 15, 2018, the respondent has neither submitted a response nor requested additional time in which to do so.
Under the circumstances of this case, we conclude that the respondent's conviction of conspiracy to commit wire fraud, in violation of 18 USC § 1349, constitutes a felony within the meaning of Judiciary Law § 90(4)(e). By virtue of his felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), is granted to reflect the respondent's disbarment as of March 9, 2016.
MASTRO, J.P., RIVERA, DILLON, AUSTIN and COHEN, JJ., concur.
ORDERED that the Grievance Committee's motion is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Robert L. Anderson, is disbarred, effective March 9, 2016, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Robert L. Anderson, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Robert L. Anderson, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Robert L. Anderson, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court