Matter of Vatter (2019 NY Slip Op 04704)





Matter of Vatter


2019 NY Slip Op 04704


Decided on June 12, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
SHERI S. ROMAN, JJ.


2019-00339

[*1]In the Matter of Michael J. Vatter, admitted as Michael Joseph Vatter, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Michael J. Vatter, respondent. (Attorney Registration No. 4182283)



MOTION by the Grievance Committee for the Ninth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 11, 2004, under the name Michael Joseph Vatter.



Gary L. Casella, White Plains, NY (Antonia Cipollone of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On April 29, 2016, before the Honorable Cathy Siebel in the United States District Court for the Southern District of New York, the respondent pleaded guilty to wire fraud, in violation of 18 USC § 1343, a class C felony.
As revealed in the indictment, the respondent was previously employed by the City of Newburgh Fire Department in various capacities from 1980 to May 2000, when he retired. In November 2009, after obtaining a law license and practicing law, the respondent returned to serve as the Chief of the City of Newburgh Fire Department. New York's Retirement and Social Security Law provides that retirees within the New York State and Local Police and Fire Retirement System who return to employment with the State of New York or its political subdivisions can earn up to $30,000 per year before their retirement benefits are suspended, unless a waiver is obtained. The respondent, who received pension benefits from 2000 to July 2014, failed to report to the New York State and Local Police and Fire Retirement System his return to public service or the earnings he received in excess of $30,000. The respondent failed to obtain a waiver of the earnings limit. As a consequence, the respondent received approximately $95,106.15 in pension benefits to which he was not entitled to receive as a result of his scheme. The respondent received pension payments each month by wire transfer from Florida to his bank account in New York.
At his plea allocution, the respondent admitted the following:
"I returned to public service after approximately ten years of being in retirement. I took the job, did not obtain the required waiver to move forward. Well, the required waiver that would allow me to continue to receive my entire pension, and I did understand that I needed that waiver. And I just, I didn't do it.
"I received these benefits up until July, I want to say, of 2014, when I contacted the retirement system, notified them that I was receiving the benefits and to make those arrangements necessary to suspend my retirement and to start paying back the benefits I had received."
On September 9, 2016, the respondent was sentenced to time served, three years of supervised release, and 200 hours of community service, and directed to pay restitution in the amount of $95,106.15, a fine of $50,000, and an assessment fee of $100.
As stated by the Court of Appeals in Matter of Margiotta (60 NY2d 147, 150):
"The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."
In determining whether a federal felony is essentially similar to a New York felony, this Court may consider other factors, including the plea allocution and/or trial record (see Matter of Fisher, 131 AD3d 44; Matter of Woghin, 64 AD3d 5; Matter of Port, 57 AD3d 139; Matter of Ashley, 263 AD2d 70; Matter of Fury, 145 AD2d 259).
The Grievance Committee for the Ninth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law based on his conviction of a felony. The Grievance Committee contends that the respondent has been convicted of a felony that is an analogue or essentially similar to a New York felony (see Matter of Margiotta, 60 NY2d 147), and therefore, is automatically disbarred under Judiciary Law § 90(4)(a).
Although served with a copy of the motion on December 26, 2018, the respondent has neither submitted a response nor requested additional time in which to do so.
We conclude that the respondent's conviction of wire fraud in violation of 18 USC § 1343 is essentially similar to the New York felony of grand larceny in the second degree, in violation of Penal Law § 155.40, a class C felony (see Matter of Arvanitakis, 157 AD3d 64; Matter of Cean, 125 AD3d 75; Matter of Doumazios, 88 AD3d 442; Matter of Thies, 42 AD3d 37; Matter of Fazio, 35 AD3d 33). By virtue of his felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), is granted to reflect the respondent's disbarment as of April 29, 2016.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and ROMAN, JJ., concur.
ORDERED that the Grievance Committee's motion is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Michael J. Vatter, admitted as Michael Joseph Vatter, is disbarred, effective April 29, 2016, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Michael J. Vatter, admitted as Michael Joseph Vatter, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Michael J. Vatter, admitted as Michael Joseph Vatter, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Michael J. Vatter, admitted as Michael Joseph Vatter, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court