Matter of Mei (2020 NY Slip Op 02268)





Matter of Mei


2020 NY Slip Op 02268


Decided on April 9, 2020


Appellate Division, Second Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
JOSEPH J. MALTESE, JJ.


2019-10050

[*1]In the Matter of Frederick Mei, admitted as Frederick Ermanno Mei, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Frederick Mei, respondent. (Attorney Registration No. 2187110)



MOTION by the Grievance Committee for the Tenth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 18, 1985, under the name Frederick Ermanno Mei.



Catherine A. Sheridan, Hauppauge, NY (Ian P. Barry of counsel), for petitioner.



PER CURIAM


OPINION & ORDER
.On September 16, 2015, the respondent was convicted, upon a plea of guilty, in the United States District Court for the Eastern District of New York, before the Honorable Sandra J. Feuerstein, of the crime of conspiracy to commit honest services wire fraud, in violation of 18 USC §§ 1343 and 1346.
The Grievance Committee for the Tenth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony. Although the respondent was duly served, he has neither opposed the motion nor interposed any other response thereto.
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law." Judiciary Law § 90(4)(e) provides that:
"[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."
A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150). In determining whether a federal felony is essentially similar to a New York felony, this Court may [*2]consider the plea allocution and/or trial record (see Matter of Woghin, 64 AD3d 5; Matter of Ashley, 263 AD2d 70).
The Grievance Committee contends that the respondent's conviction of the crime of conspiracy to commit honest services wire fraud, in violation of 18 USC §§ 1343 and 1346, is essentially similar to the New York felony of scheme to defraud in the first degree, in violation of Penal Law § 190.65, which provides:
1. A person is guilty of a scheme to defraud in the first degree when he or she: . . . (b) engages in a scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises, and so obtains property with a value in excess of one thousand dollars from one or more such persons."
By virtue of his plea of guilty to the information, the respondent acknowledged that between in or about January 2011 and February 2015, while an employee of the Town of Oyster Bay, he participated in a scheme to receive bribes and kickbacks in exchange for his assistance in obtaining the Town's guarantee of certain loans. Specifically, the Town guaranteed two loans totaling approximately $20 million made by a private corporate financing company to two entities owned and operated by one of the respondent's co-conspirators. Approximately one week after the first loan closed, the respondent received from one of his co-conspirators an envelope with five checks, each made out to "cash" and in the amount of $5,000, for a total of $25,000. After the second loan closed, the respondent again received from one of his co-conspirators an envelope with five checks, each made out to "cash" and in the amount of $5,000, for a total of $25,000.
Under the circumstances of this case, we conclude that the respondent's conviction of the crime of conspiracy to commit honest services wire fraud, in violation of 18 USC §§ 1343 and 1346, is essentially similar to the New York felony of scheme to defraud in the first degree, in violation of Penal Law § 190.65. By virtue of his conviction of a federal felony, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of September 16, 2015.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and MALTESE, JJ., concur.
ORDERED that the Grievance Committee's motion to strike the name of the respondent, Frederick Mei, admitted as Frederick Ermanno Mei, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Frederick Mei, admitted as Frederick Ermanno Mei, is disbarred, effective September 16, 2015, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Frederick Mei, admitted as Frederick Ermanno Mei, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Frederick Mei, admitted as Frederick Ermanno Mei, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Frederick Mei, admitted as Frederick Ermanno Mei, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of [*3]compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court