In the Matter of RONALD BRET MINTZ (Admitted as R. BRET MINTZ), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 24, 1985

#### APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

No appearance on behalf of respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice in this Department on December 21, 1967, under the name of R. Bret Mintz.

On February 20, 1985, respondent was convicted in the United States District Court for the Southern District of New York, upon a plea of guilty, of unlawfully, willfully and knowingly using "a communication facility" (the telephone) to commit, cause and facilitate a conspiracy to distribute and possess, with intent to distribute, quantities of heroin and cocaine (21 USC §§ 812, 841 [a] [1]; § 843 [b]; § 846), a felony conviction under Federal law. A certified copy of the judgment of conviction has been submitted on this application by the Departmental Disciplinary Committee to strike respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b). Respondent has submitted no papers in opposition to the petition.

The crime of which respondent was convicted is a criminal offense which, under the laws of this State, would constitute

conspiracy in the fourth degree, a class E felony under Penal Law § 105.10. Similarly, under New York law, the crime which respondent conspired to commit would amount to criminal possession of a controlled substance in the third degree, a class B felony under Penal Law § 220.16. (*See, Matter of Wall,* 75 AD2d 196.)

Inasmuch as the underlying substantive offense, a felony under Federal law, is equivalent to a class B felony in New York, and respondent's Federal conspiracy conviction would constitute a class E felony upon conviction, respondent was automatically disbarred and ceased to be an attorney and counselor-at-law in the State of New York. (Judiciary Law § 90 [4] [a].)

Accordingly, the application by the Departmental Disciplinary Committee should be granted and respondent's name is stricken from the roll of attorneys and counselors-at-law.

SULLIVAN, J. P., ROSS, MILONAS, KASSAL and ROSENBERGER, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York.