In the Matter of THOMAS P. DAVENPORT (Admitted as THOMAS PATRICK DAVENPORT), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 2, 1986

## APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

No appearance on behalf of respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by the Appellate Divi-

sion, Second Department, on December 18, 1968, under the name Thomas Patrick Davenport.

On March 11, 1986, he was convicted after a trial in the United States District Court for the Southern District of New York, of conspiracy to obstruct justice (18 USC § 371), obstruction of justice (18 USC § 1503), subornation of perjury (18 USC § 1622) and tampering with witnesses (18 USC § 1512), felony convictions under Federal law. The acts which resulted in the criminal convictions occurred within this Department. (22 NYCRR 603.1 [a].) Respondent was sentenced to concurrent terms of imprisonment of two years and a fine of $2,000 and is presently confined at the Allenwood Federal Prison, Montgomery, Pennsylvania.

A certified copy of the judgment of conviction has been submitted on this application by the Departmental Disciplinary Committee to strike respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b). Respondent has submitted no papers in opposition to the petition. In addition to the crimes being felonies under Federal law, tampering with witnesses under count 6 of the Federal indictment (18 USC § 1512) is analogous to New York's tampering with a witness in the third degree (Penal Law § 215.11), a class E felony. As a result, upon conviction, respondent was automatically disbarred and ceased to be an attorney and counselor-at-law of the State of New York, pursuant to Judiciary Law § 90 (4) (a). *(Matter of Mintz,* 110 AD2d 129; *Matter of Turner,* 109 AD2d 244).

Accordingly, the application by the Departmental Disciplinary Committee is granted and respondent's name stricken from the roll of attorneys and counselors-at-law.

Ross, J. P., Carro, Asch, Milonas and Kassal, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York.