[625 NYS2d 995]

In the Matter of EDWARD M. SINKER, a Suspended Attorney, Respondent.

Fourth Department, March 17, 1995

### APPEARANCES OF COUNSEL

*Paul J. Ginnelly,* Syracuse, for petitioner.

*Neal P. Rose,* Sherrill, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 16, 1982 and formerly maintained an office in Utica. On October 20, 1994, respondent was found guilty, following a jury trial, of mail fraud in violation of 18 USC

§ 1341 in the United States District Court for the Northern District of New York. That conviction arose from respondent's submission of a false insurance claim to the Allstate Insurance Company and his obtaining the sum of $76,000. On November 22, 1994, this Court entered an order suspending respondent from the practice of law and directed him to show cause why a final order of disbarment should not be entered pursuant to Judiciary Law § 90 (4) (b) and (e). Respondent appeared on the adjourned date of the show cause order and asserted that the facts underlying his conviction were similar to the class A misdemeanor of offering a false instrument for filing in the second degree (Penal Law § 175.30) and, therefore, that disbarment was not required. On January 13, 1995, respondent was sentenced to a term of four months' incarceration, to be followed by a period of home detention and supervised release. Additionally, he was directed to pay a special assessment, to make restitution, and to perform community service.

We conclude that the Federal offense of mail fraud of which respondent was convicted is essentially similar to Penal Law § 155.40, grand larceny in the second degree, a class C felony (see, Matter of Holm, 201 AD2d 41; Matter of Maloney, 190 AD2d 191; Matter of Catalfo, 181 AD2d 213, 214). Accordingly, respondent is automatically disbarred pursuant to Judiciary Law § 90 (4) (b) and (e).

DENMAN, P. J., GREEN, PINE, WESLEY and CALLAHAN, JJ., concur.

Order of disbarment entered.