[817 NYS2d 382]

In the Matter of SOLOMON KAPLAN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 20, 2006

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated June 30, 2004, the respondent was immediately suspended from the practice of law as a result of his being found guilty of a serious crime, and continuing until further order of this Court, pursuant to Judiciary Law § 90 (4) (f), and he was directed to immediately apprise the Court upon being sentenced (see *Matter of Delany*, 87 NY2d 508 [1996]).

The petitioner had previously apprised the Court that on April 19, 2004, the respondent was found guilty, after a jury trial in the United States District Court for the Southern District of New York, of the following federal felonies: mail fraud, in violation of 18 USC § 1341; making false statements relating to health care matters, in violation of 18 USC § 1035 (a); health care fraud, in violation of 18 USC § 1347; witness tampering, in violation of 18 USC § 1512 (b); making false statements to the FBI, in violation of 18 USC § 1001 (a); and conspiracy, in violation of 18 USC § 371.

By letter dated February 28, 2006, the petitioner apprised the Court that the respondent had been sentenced on August 29, 2005, in the United States District Court for the Southern District of New York (Batts, J.), to a term of incarceration of 27 months to run concurrently under counts one through seven. The respondent failed to inform the Court of his sentencing.

The federal felonies of witness tampering and mail fraud of which the respondent was convicted have been found to constitute cognizable felonies in New York essentially similar to tampering with a witness in the third degree, pursuant to Penal Law § 215.11, and grand larceny in the second degree, in violation of Penal Law § 155.40 (see *Matter of Sinker*, 209 AD2d 85 [1995]; *Matter of Davenport*, 119 AD2d 247 [1986]).

Judiciary Law § 90 (4) mandates that an attorney's name be stricken from the roll of attorneys upon his or her conviction of a New York State felony. Accordingly, the petitioner's motion to strike the respondent's name from the roll of attorneys is granted.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and ADAMS, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Solomon Kaplan, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Solomon Kaplan, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Solomon Kaplan, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Solomon Kaplan, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).