[913 NYS2d 731]

In the Matter of ALVIN PASTERNAK, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 17, 2010

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Glenn E. Simpson* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The respondent was charged in an information with mail fraud, in violation of 18 USC §§ 1341, 1342 and 3551 et seq., and filing a false tax return, in violation of 26 USC § 7206 (1) and 18 USC § 3551 et seq. The information was predicated on allegations that, from January 2005 through October 2008, the respondent, in his capacity as an attorney employed by Metropolitan Life Insurance Company (hereinafter MetLife), authorized payment of approximately $645,000 in retainer payments to a Massachusetts attorney, James Ciapciak, based on false invoices submitted by Mr. Ciapciak. The respondent did not apply these retainer fees to the bills submitted by Mr. Ciapciak for actual legal work performed on behalf of MetLife. Upon receipt of these payments, which were based on false invoices, Mr. Ciapciak paid between one third and one half of the funds to the respondent.

On December 8, 2009, the respondent pleaded guilty before the Honorable Leo Glasser, in United States District Court for the Eastern District of New York, to mail fraud, in violation of 18 USC §§ 1341, 1342 and 3551 et seq., and filing a false tax return, in violation of 26 USC § 7206 (1) and 18 USC § 3551 et seq. The respondent stated in his allocution that on November 20, 2006, he approved payment of $45,000 to Mr. Ciapciak based on a false invoice submitted by Mr. Ciapciak. Mr. Ciapciak shared these funds with the respondent. The respondent did not report these funds as income on his federal tax return.

On July 26, 2010, the respondent was sentenced to two concurrent terms of six months' imprisonment. He was directed to participate in 100 hours of community service. The respondent made restitution in the amount of $830,000.

As stated by the Court of Appeals in Matter of Margiotta (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the

New York felony, precisely corresponding in every detail, but it must have essential similarity."

The federal felony of mail fraud (*see* 18 USC §§ 1341, 1342) based on the allocuted facts is "essentially similar" to grand larceny in the second degree, in violation of Penal Law § 155.40, a class C felony (*Matter of Kaplan*, 32 AD3d 33, 34 [2006]; *see Matter of Lorenzo*, 276 AD2d 223, 224 [2000]).

By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

The respondent consents to his name being struck from the roll of attorneys.

Accordingly, the motion to now strike the respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's disbarment as of July 26, 2010.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and FISHER, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, the respondent, Alvin Pasternak, is disbarred, effective July 26, 2010, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Alvin Pasternak, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Alvin Pasternak, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Alvin Pasternak, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).