*180 OPINION OF THE COURT
Per Curiam.
On or about December 2, 2008, after a jury trial in the United States District Court for the Southern District of Florida (Dimitrouleas, J.), the respondent was found guilty of one count of conspiracy to commit mail fraud and wire fraud, in violation of 18 USC § 371, and two counts of mail fraud, in violation of 18 USC § 1341. Both crimes are felonies under federal law. The respondent was sentenced on March 20, 2009 to 96 months of imprisonment followed by three years of probation. In addition, he was fined the sum of $15,000, and ordered to pay restitution in the sum of $422,465.01. The respondent never reported his conviction to this Court, as required by Judiciary Law § 90 (4) (c).
The respondent was indicted with six other people, including Anthony Dehaney. The indictment alleged that the respondent, Dehaney, and others conspired to unlawfully enrich themselves by submitting, causing to be submitted, and/or aiding and abetting the submission of, false and fraudulent mortgage applications and related documents to mortgage lenders, thereby inducing the mortgage lenders to fund mortgages on properties located in Broward County, Florida, allowing one or more conspirators to fraudulently obtain ownership and control of these properties with mortgages exceeding $10,000,000.
The indictment alleged that the respondent operated Your Title Choice, Inc. (hereinafter Your Title), a Florida-based escrow and real estate closing/settlement agent for mortgage lenders. Your Title was paid closing fees by mortgage lenders to act as the settlement agent for the lenders. The respondent was also paid fees at the closings. The respondent had a financial interest in the number of closings taking place at Your Title.
As the settlement agent for mortgage lenders, the respondent had a fiduciary responsibility to the mortgage lenders to hold borrowed loan funds in a trust/escrow account. The respondent also was required to disburse and collect all necessary funds to be accounted for at closings, and to prepare the HUD-1 settlement statements at closings, as well as any other documents required by the mortgage lenders’ instructions, to be signed and executed.
From in or about December 2002 through July 2008, the respondent and Your Title, as part of the scheme to defraud, accepted checks and funds to hold in escrow from entities controlled by Dehaney, on properties in which neither Dehaney nor *181 his companies had an interest as the seller or actual purchaser/ borrower. The respondent issued checks to Dehaney or his entities from a checking account called the “Special Account.” In addition, the respondent, through the use of the escrow account of Your Title, collected funds from mortgage lenders on loans fraudulently generated by Dehaney. As part of the scheme to defraud, the respondent fraudulently caused Your Title escrow checks to be issued from incoming lender funds to be used to buy official bank checks and cashier’s checks in the names of borrowers. The respondent then knowingly allowed these checks to be brought to closings and presented, fraudulently, as funds from the borrowers, and fraudulently represented to the mortgage lenders on the HUD-1 settlement statements that these funds belonged to the purported borrowers.
On or about December 30, 2005, Dehaney caused the sum of $366,774.86 to be wired into the Your Title escrow account. At or about that time, Dehaney caused a real estate closing to take place at Your Title. On or about January 3, 2006, the respondent issued an escrow check in the amount of $70,000 from the Your Title escrow account to Philhart Investments, Inc.
On or about March 30, 2006, Dehaney caused the sum of $406,679.50 to be wired into the Your Title escrow account. At or about that time, Dehaney caused a real estate closing to take place at Your Title. On or about March 30, 2006, the respondent issued an escrow check in the amount of $55,039 from the Your Title escrow account to Pineapple Entertainment.
Both Philhart Investments, Inc., and Pineapple Entertainment were entities controlled by Dehaney.
As stated by the Court of Appeals in Matter of Margiotta (60 NY2d 147, 150 [1983]):
“The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it ‘would constitute a felony in this state.’ (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity.”
The federal felony of mail fraud (see 18 USC § 1341), based on *182 the factual allegations of the indictment detailed above, is “essentially similar” to grand larceny in the second degree, a class C felony, in violation of Penal Law § 155.40 (see Matter of Pasternak, 80 AD3d 214 [2010]; see also Matter of Kaplan, 32 AD3d 33, 34 [2006], citing Matter of Sinker, 209 AD2d 85 [1995]).
By virtue of his felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).
The respondent has taken no position with respect to the motion of the Grievance Committee for the Ninth Judicial District.
Accordingly, the motion to strike the respondent’s name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent’s disbarment as of December 2, 2008.
Eng, EJ., Mastro, Rivera, Skelos and Miller, JJ., concur.
Ordered that the Grievance Committee’s motion is granted; and it is further,
Ordered that pursuant to Judiciary Law § 90, the respondent, Howard S. Gaines, admitted as Howard Seth Gaines, is disbarred, effective December 2, 2008, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that the respondent, Howard S. Gaines, admitted as Howard Seth Gaines, shall comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, the respondent, Howard S. Gaines, admitted as Howard Seth Gaines, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Howard S. Gaines, admitted as Howard Seth Gaines, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).