[13 NYS3d 546]

In the Matter of ANTHONY M. LIVOTI, JR. (Admitted as ANTHONY M. LIVOTI), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 15, 2015

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Susan Korenberg* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On December 23, 2008, the respondent, along with three other codefendants, was indicted in the United States District Court, Southern District of Florida, and was charged with conspiracy to commit mail and wire fraud, in violation of 18 USC § 1349 (count 1), mail fraud, in violation of 18 USC §§ 1341 and 1342 (counts 2-8), wire fraud, in violation of 18 USC §§ 1342 and 1343 (counts 9-24), and conspiracy to commit money laundering, in violation of 18 USC § 1956 (h) (count 25).

The indictment alleged that the respondent and his codefendants, inter alia, fraudulently offered and sold investment interests in life insurance policies to the general public through a company named Mutual Benefits Corp. (hereinafter MBC). The respondent and his codefendants made, and caused others to make, numerous false and fraudulent representations concerning such matters as the management of MBC, the safety and reliability of investments sold through MBC, historical returns on investments sold through MBC, the life expectancy of individuals insured by the life insurance policies being sold, and the sufficiency of the funds set aside to make payments on those policies. MBC raised more than $1.25 billion from more than 30,000 investors worldwide, resulting in losses of approximately $837 million.

On December 4, 2013, the respondent was found guilty, after a jury trial, in the United States District Court, Southern District of Florida, of: (1) conspiracy to commit mail and wire fraud, in violation of 18 USC § 1349 (count 1), (2) mail fraud, in violation of 18 USC § 1341 (counts 4 and 7), and (3) conspiracy to commit money laundering, in violation of 18 USC § 1956 (h) (count 25).

On April 1, 2014, the respondent was sentenced by the Honorable Robert N. Scola, Jr., United States District Judge, to 120 months' imprisonment on each count, to run concurrently, to be followed by three years of supervised release, and a $400 assessment. Further, the judgment also provides for restitution in the amount of $826,839,642, for which the respondent, his codefendants, and coconspirators are jointly and severally liable.

There is no record of the respondent advising this Court of his conviction, as required by Judiciary Law § 90 (4) (c).

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

"The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

The federal felony of mail fraud (*see* 18 USC § 1341) is "essentially similar" to grand larceny in the second degree, in violation of Penal Law § 155.40, a class C felony (*Matter of Kaplan*, 32 AD3d 33, 34 [2006]; *see Matter of Sinker*, 209 AD2d 85, 86 [1995]).

By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

The respondent has neither opposed the Grievance Committee's motion nor interposed any response thereto, although the motion was served upon him.

Accordingly, the motion to strike the respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's disbarment as of December 4, 2013.

ENG, P.J., MASTRO, RIVERA, SKELOS and LASALLE, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, the respondent, Anthony M. Livoti, Jr., admitted as Anthony M. Livoti, is disbarred, effective December 4, 2013, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Anthony M. Livoti, Jr., admitted as Anthony M. Livoti, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Anthony M. Livoti, Jr., admitted as Anthony M. Livoti, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public

authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Anthony M. Livoti, Jr., admitted as Anthony M. Livoti, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).