[16 NYS3d 458]

In the Matter of DAVID WARREN DENENBERG, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 16, 2015

### APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On January 21, 2015, upon a plea of guilty in the United States District Court for the Eastern District of New York, the respondent was convicted of eight counts of mail fraud, in violation of 18 USC §§ 1341 and 3551 *et seq.*, federal felonies.

Pursuant to Judiciary Law § 90 (4), a lawyer is automatically disbarred upon his or her conviction of a felony committed under the laws of this state. Conviction of a felony under federal law that is essentially similar to a felony under New York law also triggers automatic disbarment. As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]),

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

The federal felony of mail fraud has been found to be essentially similar to the New York felony of grand larceny in the second degree in violation of Penal Law § 155.40, a class C felony (*see e.g. Matter of Gaines*, 109 AD3d 179 [2013]; *Matter of Pasternak*, 80 AD3d 214 [2010]).

By virtue of his felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a). Although he was duly served with the papers in connection with the instant motion, the respondent submitted no response.

Accordingly, the motion of the Grievance Committee for the Tenth Judicial District to strike the respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) is granted to reflect the respondent's automatic disbarment on January 21, 2015.

ENG, P.J., MASTRO, RIVERA, DILLON and BARROS, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90 (4) (a), the respondent, David Warren Denenberg, is disbarred, effective January 21, 2015, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, David Warren Denenberg, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, David Warren Denenberg, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, David Warren Denenberg, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).