[28 NYS3d 322]

In the Matter of MARIJAN CVJETICANIN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 13, 2016

### APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Marijan Cvjeticanin*, Saint James, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

On June 29, 2015, after a jury trial, the respondent was found guilty in the United States District Court, District of New Jersey, of nine counts of mail fraud, in violation of 18 USC §§ 1341 and 1342. Beginning in or about January 2010, and continuing through September 2012, the respondent engaged in an illegal scheme to defraud two companies that retained the services of the law firm for which he worked to obtain H-1B visas for certain employees. As part of the scheme to defraud, the respondent induced the law firm to use the services of an advertising agency he controlled, to post job advertisements for the two companies as required to obtain permanent residency for the subject employees. He concealed his interest in the advertising agency from the law firm. The respondent's advertising agency billed the two companies for advertisements that never were in fact placed as claimed, and, as stated in the "Judgment and Order of Forfeiture (Money Judgment)" of the United States District Court, District of New Jersey, the respondent obtained $668,977 as the proceeds of his crimes. On February 19, 2016, he was sentenced to 57 months of imprisonment, and three years of supervised release. He was ordered to forfeit $668,977, and directed to pay a $900 special assessment.

There is no record of the respondent advising this Court of his conviction, as required by Judiciary Law § 90 (4) (c).

The Grievance Committee for the Tenth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b) based upon his felony conviction.

Pursuant to Judiciary Law § 90 (4) (a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law." Judiciary Law § 90 (4) (e) provides that

"[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."

A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]). In determining whether a foreign felony is essentially similar to a New York felony, this Court has considered a number of factors, including the trial record (*see Matter of Ashley*, 263 AD2d 70 [1999]).

The respondent's federal conviction of mail fraud in violation of 18 USC §§ 1341 and 1342, based on the factual allegations of the indictment and the trial record, is "essentially similar" (*Matter of Margiotta*, 60 NY2d at 150) to the New York felony of grand larceny in the second degree, a class C felony, under New York's Penal Law § 155.40, which provides, inter alia, that a person is guilty of that crime when he steals property with a value in excess of $50,000. Since the respondent was found to have stolen in excess of $50,000, his conduct, if it had been committed in New York, would have constituted the felony of grand larceny in the second degree, a class C felony under Penal Law § 155.40 (*see Matter of Gaines*, 109 AD3d 179 [2013]; *Matter of Pasternak*, 80 AD3d 214 [2010]; *Matter of Kaplan*, 32 AD3d 33 [2006]). Therefore, the respondent's claim that the federal crime of mail fraud cannot be said to be essentially similar to the New York crime of grand larceny in the second degree is without merit. By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Insofar as the respondent additionally contends, among other things, that the holding of *Matter of Margiotta* (60 NY2d 147 [1983]) is unconstitutional, and that the Grievance Committee's motion is premature inasmuch as there is a pending motion in the United States District Court for the District of New Jersey challenging his conviction on the ground of prosecutorial misconduct, there is no merit to his arguments (*see* Rules of App Div, 2d Dept [22 NYCRR] § 691.7 [d]; *see also Matter of Mitchell*, 40 NY2d 153 [1976]; *Matter of Mishkin*, 117 AD2d 422 [1986]).

Accordingly, the motion to strike the respondent's name from the roll of attorneys and counselors-at-law is granted, pursuant to Judiciary Law § 90 (4) (b), to reflect the respondent's automatic disbarment as of June 29, 2015, and the respondent's cross motion is denied.

Eng, P.J., Mastro, Rivera, Dillon and Balkin, JJ., concur.

Ordered that the Grievance Committee's motion to strike is granted and the respondent's cross motion is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Marijan Cvjeticanin, is disbarred, effective June 29, 2015, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Marijan Cvjeticanin, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Marijan Cvjeticanin, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Marijan Cvjeticanin, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).