Matter of Hoblin (2020 NY Slip Op 02784)





Matter of Hoblin


2020 NY Slip Op 02784


Decided on May 13, 2020


Appellate Division, Second Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
VALERIE BRATHWAITE NELSON, JJ.


2019-09180

[*1]In the Matter of Philip J. Hoblin, admitted as Philip Joseph Hoblin, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Philip J. Hoblin, respondent. (Attorney Registration No. 2651248)



MOTION by the Grievance Committee for the Ninth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), upon his conviction of a felony, or in the alternative, to direct the respondent to show cause why a final order of suspension, censure, or removal from office should not be made pursuant to Judiciary Law § 90(4)(g). The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 26, 1995, under the name Philip Joseph Hoblin.



Gary L. Casella, White Plains, NY (Matthew C. Toal of counsel), for petitioner.



PER CURIAM


OPINION & ORDER
. On April 24, 2009, the respondent pleaded guilty in the United States District Court for the Southern District of Indiana to four counts of mail fraud, in violation of 18 USC § 1341. The respondent was sentenced to 33 months of imprisonment on each count, to run concurrently, and he was directed to pay an assessment in the sum of $400 and restitution in the total sum of $723,879.04 to four banks.
There is no record of the respondent advising this Court of his conviction as required by Judiciary Law § 90(4)(c).
The Grievance Committee for the Ninth Judicial District now moves, inter alia, to strike the respondent's name from the roll of attorneys and counselors-at-law based upon his conviction of a felony, or in the alternative, to direct the respondent to show cause why a final order of suspension, censure, or removal from office should not be made pursuant to Judiciary Law § 90(4)(g). Although the respondent was duly served, he has neither opposed the motion nor interposed any response thereto.
As stated by the Court of Appeals in Matter of Margiotta (60 NY2d 147, 150):
"The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it would constitute a felony in this state.' (Judiciary Law § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."
In determining whether a foreign felony is "essentially similar" to a New York felony, this Court may consider, among other things, the plea allocution and/or trial record (see Matter of Lenich, 157 AD3d 201; Matter of Woghin, 64 AD3d 5; Matter of Port, 57 AD3d 139; Matter of Ashley, 263 AD2d 70; Matter of Fury, 145 AD2d 259).
The Grievance Committee asserts that the respondent's conviction of mail fraud in violation of 18 USC § 1341 is "essentially similar" to the New York felony of grand larceny in the second degree (Penal Law § 155.40; see Matter of Livoti, 131 AD3d 239; Matter of Gaines, 109 AD3d 179; Matter of Kaplan, 32 AD3d 33). Pursuant to Penal Law § 155.40, a person is guilty of grand larceny in the second degree upon stealing property valued in excess of $50,000. Pursuant to the plea agreement, the respondent admitted that between August 29, 2003, and February 12, 2008, he engaged in a scheme to defraud and obtain money by means of false pretenses by applying for and obtaining more than 30 business credit cards and 3 personal credit cards from four different banks, and by identifying other persons as the guarantors on the accounts applied for, without lawful authority. The respondent admitted that he received the credit cards through the United States Postal Service and made fraudulent charges, thereby obtaining the benefit of approximately $723,878.
Under the circumstances of this case, we conclude that the respondent's conviction of mail fraud in violation of 18 USC § 1341 constitutes a felony within the meaning of Judiciary Law § 90(4)(e) (see Matter of Cvjeticanin, 139 AD3d 171; Matter of Denenberg, 132 AD3d 188). By virtue of his felony conviction, pursuant to Judiciary Law § 90(4) (a) and (e), the respondent was automatically disbarred, and ceased to be an attorney (see Matter of Margiotta, 60 NY2d at 150; Matter of Burstein, 111 AD3d 112).
Accordingly, that branch of the Grievance Committee's motion which is to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), is granted to reflect the respondent's disbarment on April 24, 2009. The remaining branch of the motion is denied as academic.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BRATHWAITE NELSON, JJ., concur.
ORDERED that the branch of the Grievance Committee's motion which is to strike the name of the respondent, Philip J. Hoblin, admitted as Philip Joseph Hoblin, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Philip J. Hoblin, admitted as Philip Joseph Hoblin, is disbarred, effective April 24, 2009, and his name is now stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Philip J. Hoblin, admitted as Philip Joseph Hoblin, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Philip J. Hoblin, admitted as Philip Joseph Hoblin, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Philip J. Hoblin, admitted as Philip Joseph Hoblin, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f); and it is further,
ORDERED that the remaining branch of the Grievance Committee's motion is denied as academic.
ENTER:
Aprilanne Agostino
Clerk of the Court