Matter of Spota (2020 NY Slip Op 03233)





Matter of Spota


2020 NY Slip Op 03233


Decided on June 10, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
MARK C. DILLON
RUTH C. BALKIN
FRANCESCA E. CONNOLLY, JJ.


2020-01435

[*1]In the Matter of Thomas Joseph Spota III, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Thomas Joseph Spota III, respondent. (Attorney Registration No. 1146679)



MOTION by the Grievance Committee for the Tenth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division in the Second Judicial Department on October 23, 1967.



Catherine A. Sheridan, Hauppauge, NY (Nancy B. Gabriel of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On December 17, 2019, after a jury trial before the Honorable Joan Azrack, a Judge of the United States District Court for the Eastern District of New York, the respondent was found guilty of (1) conspiracy to tamper with witnesses and obstruct an official proceeding, in violation of 18 USC §§ 1512(k) and 3551 et seq. ; (2) witness tampering and obstruction of an official proceeding, in violation of 18 USC §§ 2, 1512(b)(1), (2)(A) and (3) and (c)(2), and 3551 et seq .; (3) obstruction of justice, in violation of 18 USC §§ 1503(a) and (b)(3), 2, and 3551 et seq. ; and (4) accessory after the fact to the deprivation of John Doe's civil rights, in violation of 18 USC §§ 3 and 3551 et seq .
The Grievance Committee for the Tenth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony.
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law." Judiciary Law § 90(4)(e) provides that:
"[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."
A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (Matter of Margiotta , 60 NY2d 147, 150).
The Grievance Committee asserts, inter alia, that the respondent's conviction of the [*2]federal crime of tampering with a witness, victim, or informant in violation of 18 USC §§ 1512(b)(1), (2)(A) and (3) and (c)(2) is essentially similar to the New York felony of tampering with a witness in the third degree, in violation of NY Penal Law § 215.11.
Although duly served with this motion, the respondent has not filed any papers in opposition or any other papers in relation thereto.
We conclude that the respondent's conviction of the federal crime of tampering with a witness, victim, or informant in violation of 18 USC §§ 1512(b)(1), (2)(A) and (3) and (c)(2) is essentially similar to the New York felony of tampering with a witness in the third degree, in violation of NY Penal Law § 215.11 (see Matter of Davenport , 119 AD2d 247). By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of December 17, 2019.
SCHEINKMAN, MASTRO, DILLON, BALKIN and CONNOLLY, JJ., concur.
ORDERED that the Grievance Committee's motion to strike the name of the respondent, Thomas Joseph Spota III, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Thomas Joseph Spota III, is disbarred, effective December 17, 2019, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Thomas Joseph Spota III, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Thomas Joseph Spota III, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Thomas Joseph Spota III, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court